Motion for a new trial. Debt on the defendant’s bond given to the plaintiffs according to the act of assembly, conditioned for the faithful discharge of the duties of the office of sheriff of Charleston district; tried before Johnson, J. in May, 1803, in Charleston. J. S., residing in Boston, obtained judgment against J. N., on a bond given to W- T. & W. The tponey conditioned to be paid by *493 ■this bond, was fimher secured by a mortgage, which was not recorded according to the county court act of 1785, P. L. 381, — Act of assembly of 1788, P. L. 45-1, act of assembly of 178!), P. L. 485, — of lands lymg in a part of the State where county courts were not established. The defendant having taken the mortgaged premises in execution as sheriff, by virtue of a writ of Ji. fa., issued in pursuance of a judgment which was signed subsequent to the execution of the mortgage, in favor of a third person, sold the same, and applied the monies arising from the sale to the discharge of the said execution and judgment, (hough an execution on the judgment on the bond to T. W. T. aforesaid, was m his hands, but the same was younger than that under which the sale was made ; and the judgment of W. T. & W. was younger than that under which the .-ale was made. T ie attorney of J. S., who had the mortgage in his possession at first, after the sale claimed the money under the monga ye, but afterwards, before the money was paid ¡over by the sheriff, Lhinking the mortgage had lost its power, by reason that it bad not been recorded according to law, he withdrew his claim to it under the mortgage, and urged the sheriff to pay over the money, to satisfy the eldest execution in his hands, and received a small overplus on account of the execution of W. T. & W. Afier the decision in the case of Ehrie & Ramsay, that nothing contained iu the acts referred to, applies to lauds situate in that part of'the State where county courts were not established, the attorney of J. S. .claimed the value of the mortgaged premises, under an impression that it was the duty of th.e sheriff’ to take notice at his peril, of all existing mortgages of lands he takes in execution, and satisfy prior mortgages, before selling by execution, although the mortgage may not be delivered to him for that purpose: and upon this ground the action was brought, and a verdict was given for the plaintiff.
The motion in this court was argued on the 18th December, 1804, before Giumku. Bay, and Brevard, Justices; by Dbsaus. sure, for the defei dant, and Parker, for the plaintiff. The court having taken time to advise until the meeting of the judges in May, 1805, when Grimke, J. being absent, Brevard, J. delivered the opinion following, with which Bay. J. concurred.
This action is brought on the official bond of the sheriff, for the performance of the duties of that office, to recover damages for some act, or omission, contrary to his duty, whereby the plaintiff has sustained a loss. In selling the mortgaged premises under the execution ip his hands, the sheriff did not transgress. By so doing. *494 he did not defeat or impair the lien created by the mortgage. If he did not know of the mortgage, he was not bound to take notice of it. If he did know of it, he ought to have giveu notice of it at the sale : but he might sell subject to the incumbrance. The sheriff is never expected to warrant the property he sells. He may sell all the defendant’s property, or right, and the purchaser is to run the risk, (if it be a right liable to be sold, or saleable by the sheriff.) In this ease, the plaintiff had a prior incumbrance upon the land sold, which he seems to have relinquished in favor of the eldest, judgment creditor, for instead of proceeding upon his mortgage, he relies only on his judgment, and accepts the overplus of the money raised by sale under the elder execution. His attorney bad the mortgage, and therefore must be presumed to have had authority to collect the debt by means of it, if he had chosen to do so: But he chose, instead of doing so, to proceed by action at law only. His impression was, that the mortgage was annulled by operation of law, for want of inrolhnent in the proper office ; and therefore, he seems to have acquiesced in the sale by the sheriff. But if he had not acquiesced, or consented to receive the overplus of the sale, was the sheriff bound to sell under the mortgage, whether he was authorized by the party to do so or not, or to forbear selling under the execution, because of a prior mortgage ? And is he, at all events, bound to take notice of prior mortgages 1 The sale by the sheriff under execution, could not have affected the lieu by mortgage, without some act of the mortgagee, or his agent; and shall the sheriff suffer for the act of the mortg.g.-e, or his agent? The attorney of 3. 8., it has been alleged, was only his attorney at law, and having a limited authority, could do no act to prejudice the interest of his client, which was not within the scope of such authoritv ; and as an agent cannot discharge a debt due to his principal, unless he has authority, express or implied, from his principal, to do so; and though if he is impowered to receive money, and actually receives it, he may give a discharge for it, yet if he does not receive it, he cannot give a discharge ; therefore, in this case, the attorney of J. S. had no power to discharge the lien of the mortgage. But this, argument cannot affect the sheriff, though it might the purchaser under the execution, or the eldest judgment creditor. The sheriff, it has been said, could not sell the equity of redemption, arid a conelusion is drawn that he could not sell the land, and so destroy the plaintiff’s lien. Admit he could not sell the land, or impair the plaintiff’s hen, how, then, is he injured by the sheriff? II the lien is impaired by the circumstances which have taken place, it ip not *495 in consequence of the mere act of the sheriff, but of the act of the plaintiff’s agent and must the sheriff answer for this? Bui, it. has been said, the practice has always been in this State, for the sheriff to search, and obtain information of all prior incumbrances , . , , , , on property he is about to expose to sale under execution, and that it is his duty to take care that prior unsatisfied mortgages be first satisfied, before he can make sale under execution ; and that this practice has become law. I cannot, however, agree with this po. sition. There is no principle of law, or act of assembly, to war. rant it; nor can it be maintained upon the ground of its ben-g a peculiar common law of our own.
New trial granted.
Note. Desaussuke cited 4 Bur. 1060. 1 T. R. 710 Doug. 600- 1 Bi-Rep. 8 3T.it. 757. , T. B. 39 J i.sp a'ep 78 1 Stra. 693. Bay, 453, 33. 2 Wits. 327. Parker cited P. L. 99 Bian v Bramston A livery stable keeper adjudged to hav a right to sell a horse to pay for his keeping This decision was founded on a local custom All good customs of force here, w hen the act of assembly of 1712 passed, to make pertain nghsii statutes of force, were established 'l his practice of sheriffs was then in use. ctate v. Rose, in Charleston, in Kquity, &c. as to power of attorney.